```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ADRIAN PERA and MARIA PERA,                        :
                Plaintiffs,                        :
                                                   :        OPINION AND ORDER
v.                                                 :
                                                   :        14 CV 2281 (VB)
NELLY H. LOPEZ, LOUIS LOPEZ, and                   :
NELLY S. LOPEZ,                                    :
                Defendants.                        :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiffs Adrian Pera and Maria Pera bring this negligence action against defendants Nelly H. Lopez, Louis Lopez, and Nelly S. Lopez,[1] alleging Mr. Pera was injured as result of a slip and fall accident on defendants' property in 2014.

Before the Court is defendants' motion for summary judgment. (Doc. #33).

For the reasons set forth below, defendants' motion is DENIED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1332.

## BACKGROUND

The parties have submitted briefs, statements of fact, and declarations ("Dec'l"), with supporting exhibits, which reflect the following factual background.

On February 26, 2014, plaintiff Adrian Pera slipped on snow and ice in the parking lot behind a building owned by defendants, located at 27 Central Avenue, in Port Chester, New York ("the property").

Mr. Pera had gone to the property with a friend (who is not a party here) to drop off some of his friend's personal belongings in a garage on the property. Mr. Pera walked from his

---

[1] A fourth defendant, Valdovino Landscaping LLC, was voluntarily dismissed on January 28, 2016. (Doc. #30).

1

friend's van in the parking lot to the garage without incident, but when he returned to the van – following the same route he had taken when he walked to the garage – he slipped and fell on snow and ice between vehicles in the parking lot.

As a result of this incident, Mr. Pera alleges he sustained "serious and permanent personal injuries," and Ms. Pera alleges she "lost the services, society and consortium of" her husband.  (Am. Compl. ¶¶ 47, 60).

## DISCUSSION

I.      Legal Standard

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law. . . .  Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party.  See id.  The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010) (citation omitted).  It is the moving party's burden to establish the absence of any genuine issue of material fact.  Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party has failed to make a sufficient showing on an essential element of his case on which he has the burden of proof, then summary judgment is appropriate.  Celotex Corp. v. Catrett, 477 U.S. at 323.  If the non-moving party submits "merely colorable" evidence,

summary judgment may be granted.  Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (internal citations omitted).  The "mere existence of a scintilla of evidence in support" of the non-moving party's position is likewise insufficient; "there must be evidence on which the jury could reasonably find" for him.  Dawson v. Cty. of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party.  Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).  If there is any evidence from which a reasonable inference could be drawn in favor of the non-moving party on the issue on which summary judgment is sought, summary judgment is improper.  See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir. 2004).

In deciding a motion for summary judgment, the Court need only consider evidence that would be admissible at trial.  Nora Bevs., Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 746 (2d Cir. 1998).

II.     Negligence

Defendants argue they are entitled to summary judgment because: (i) the snow and ice was open and obvious and not inherently dangerous, (ii) defendants did not breach any duty owed to Mr. Pera because they maintained the property in a reasonably safe condition, and (iii) the proximate cause of Mr. Pera's injuries was his decision not to take an alternate path that would have avoided the snow and ice.

The Court disagrees.

Under New York law, which both parties agree applies, the elements of a negligence claim are: "(i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach." Lombard v. Booz-Allen & Hamilton, Inc., 280 F.3d 209, 215 (2d Cir. 2002).

All landowners have "a duty to maintain [their] premises in a reasonably safe manner." Zhuo Zheng Chen v. City of New York, 106 A.D.3d 1081, 1081 (2d Dep't 2013).  Whether a condition on a property is unsafe such that it gives rise to liability "depends on the circumstances of each case and is generally a question of fact for the jury." Id.

A court may only grant summary judgment in such cases where it finds the condition complained of was "both open and obvious and, as a matter of law . . . not inherently dangerous." Cupo v. Karfunkel, 1 A.D.3d 48, 52 (2d Dep't 2003).

Here, defendants have failed to establish as a matter of law that they maintained their property in a reasonably safe manner.  Accordingly, they are not entitled to summary judgment. See Hogan v. Baker, 29 A.D.3d 740 (2d Dep't 2006) ("The defendant failed to establish her prima facie entitlement to summary judgment since she did not show that she met her duty as a property owner to maintain her premises in a reasonably safe manner.").

First, even assuming the condition of snow and ice where Mr. Pera slipped was "open and obvious," that would not entitle defendants to summary judgment.  In cases like this one, involving allegations that a landowner breached its duty to maintain its property in a reasonably safe condition, a determination that the condition was "open and obvious" is "relevant to the issue of the plaintiff's comparative negligence;" it "does not preclude a finding of liability against a landowner." Cupo v. Karfunkel, 1 A.D.3d at 52; see also Ettari v. 30 Rampasture Owners, Inc., 15 A.D.3d 611, 611 (2d Dep't 2005) ("The fact that the ice and snow in the

driveway area where the plaintiff allegedly fell was open and obvious does not preclude a finding of liability, but rather raises a triable issue of fact regarding comparative negligence.").

Second, there are questions of fact regarding whether the defendants' parking lot was maintained in a "reasonably safe manner," and that the snow and ice where Mr. Pera slipped was "not inherently dangerous." In particular, a jury must decide whether it was reasonable for defendants to have cleared the snow and ice from certain areas of the parking lot, but not between the vehicles where Mr. Pera slipped. In addition, a jury must weigh the evidence to determine whether plaintiffs are correct that a gutter on the property was "missing its leader . . . ma[king] the snow and ice significantly more treacherous and slippery." (Pl. Br. at 16).

Finally, the Court finds unavailing defendants' argument that the proximate cause of Mr. Pera's injuries was his "choice to walk over obvious snow instead of using an available alternative path." (Defs' Br. at 4). The record on this point is far from clear. When asked at his deposition, "was there a way that you could have gone to the garage without having stepped on snow and ice," Mr. Pera responded, "No." (Pera Depo. at 28). The photographs submitted in connection with the instant motion do not provide clarification. (See Mark Dec'l Ex. J). Moreover, "contributory or comparative negligence is almost always a question of fact and primarily a jury function." Louise B.G. v. New York City Bd. of Educ., 143 A.D.2d 728, 730 (2d Dep't 1988). The circumstances of this case do not warrant an exception to this general rule.

Accordingly, summary judgment is inappropriate here.

## CONCLUSION

Defendants' motion for summary judgment is DENIED.

All counsel are directed to appear at a status conference on October 6, 2016, at 12:30 p.m., at which time the Court will set a trial date and a schedule for pretrial submissions.

By October 5, 2016, the parties shall submit a Joint Pretrial Order in accordance with the Court's Individual Practices.

The Clerk is instructed to terminate the motion. (Doc. #33).

Dated: September 6, 2016
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge